[No. 2850.]

'G. B. Tyson v. The State.

1. Practice—Amendment.—It was not error to permit the amendment of the entry of the presentment of the indictment so as to show that it was presented in *open* court
2. Same—Bill of Exceptions.—A trial judge should refuse to sign a bill of exceptions which, in his opinion, does not truthfully recite proceedings. He should not sign a bill, and, by way of explanation, contradict it.
3. Same—Evidence.—The admission of incompetent evidence, over the objection of a defendant on trial, whether or not it appears to have prejudiced the rights of the defendant, is ground for reversal. See the opinion for evidence held incompetent.

Appeal from the District Court of Lamar.    Tried below before J. C. Easton, Esq., Special Judge.

The opinion discloses the nature of the case.    The penalty imposed by a verdict of conviction was a term of five years in the penitentiary.

Ivy Ballard was the first witness introduced by the State.    He testified, in substance, that he owned the animal alleged to have been stolen by the defendant.    Witness was not acquainted with the defendant prior to his arrest.    The mare involved in this prosecution was foaled in the spring of 1872.    Her range was on Blossom prairie, in Red River county, near the house of J. A. Franklin, about ten or twelve miles from the witness's house. In the spring of 1873 the witness penned the mare at Franklin's, and Franklin branded her for the witness in witness's brand. She was missed from the range in the spring of 1874, and the witness found her staked out near the residence of C. C. Guinn. Guinn, who had possession of her, surrendered her to the witness upon his demand.    Witness did not sell the animal to any one, at any time, and she was taken without his knowledge or consent.

J. A. Franklin was next introduced by the State, and testified that he knew the filly described in the indictment.    She ranged with the stock of the witness, about Cottonwood hollow, on Blossom prairie, in Red River county, and near the defendant's place. The animal was the property of Ivy Ballard.    In the spring of

1873, Ballard penned her at the witness's place, and the witness branded her for Ballard at his request. The witness saw her frequently in the spring of 1873 until she was missed from the range. Thereafter he saw her no more until the defendant was arrested for stealing her, in 1874.

The State next introduced T. E. Sandsberry, who testified that about the last of May, 1874, he saw the filly described in the indictment at the old Humphries stock pens near Blossom prairie. The defendant and one Dolan, a horse dealer, were present. The animal was afterwards claimed by Ivy Ballard.

Doctor H. L. Harrison testified, for the State, that he saw the defendant and Dolan at the Humphries lot, in Blossom prairie, in May, 1874. He then saw the animal described in the indictment in the possession of a young man in Dolan's employ. He saw the defendant in possession of other stock of Dolan, but had never seen him in possession of the Ballard filly. The witness afterwards saw the animal in the possession of Guinn.

Sandsberry, recalled by the State, testified that when he was at the Humphries place, on the occasion testified to, he had a conversation with Dolan, in which Dolan said that he had traded with the defendant for the mare in question. Defendant was present and near enough to have heard Dolan. The witness, however, could not say that the defendant did hear Dolan's statement.

The testimony of James McCreery, taken at the examining trial, was read in evidence by the State, after the death of McCreery was established. His testimony was in substance that he assisted the defendant to drive the animal described in the indictment from the range to the house of Mrs. McCreery. This was about two weeks before the examining trial.

Such other testimony as was adduced on the trial is indicated in the opinion.

In addition to the questions involved in the opinion, the motion for new trial assailed the evidence as insufficient to sustain the verdict, and attacked the correctness of the charge of the court.

*Johnson & Minor*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. Defendant was indicted in Red River county for the theft of a mare, and by change of venue the case was

transferred to Lamar county, where, upon trial, he was convicted.

Before the venue of the case was changed defendant made a motion to quash the indictment, because it did not appear from the record that the same had been presented in court as required by law. We find in the record this entry:

"In the District Court of Red River county, Saturday, June 13, 1874. Now comes the grand jury, and, by their foreman, returned into court the following true bills of indictment, to wit: 1567. The State v. G. B. Tyson. Theft of mare." Upon motion of the district attorney this entry was amended by order of the court so as to show that the presentment was made in "open" court, and the motion to quash the indictment was then overruled. It was not error to permit the record to be thus amended. (*Townsend* v. *The State*, 5 Texas Ct. App., 574.) As amended, the entry was all that the law requires. (Code Crim. Proc., Art. 415; *Anderson* v. *The State*, 2 Texas, Ct. App., 288; *Houillion* v. *The State*, 3 Texas Ct. App., 537; *Bohannon* v. *The State*, *ante*, 271.) There was no error in overruling the motion to quash the indictment, nor in overruling the motion in arrest of judgment based upon the same ground.

On the trial, the district attorney, over the objections of the defendant, was permitted to read in evidence the transcript of the proceedings in the case prior to and including the change of venue, certified from the records of the District Court of Red River county. In the bill of exceptions taken to the introduction of this evidence it is stated that defendant objected to the transcript because it was not relevant or pertinent evidence, and was calculated to prejudice the minds of the jury against the defendant. In a note appended by the judge to the bill of exceptions, it is stated that the only objection made to the transcript by defendant was "that it did not show that the indictment had been properly and legally returned into the District Court of Red River county, a quorum of the grand jury being present." Here we have a contradiction in the bill of exceptions, which should not have occurred. When a bill of exceptions, in the opinion of the judge, does not recite the facts truly, he should refuse to sign it. He should not sign a false statement, and, by way of *explanation, contradict* what has before been stated. A contradiction of a statement is not an explanation of it. By the manner in which the question of the admissibility of this evidence is presented, it is left for this court to determine the grounds of de-

fendant's objection to it, and we shall do so by giving the defendant the full benefit of his bill of exceptions, the same as if the judge had not contradicted the matters therein recited, because, while the defendant's objection to the evidence, as stated by the judge, was not a good objection, still, if the evidence was for any purpose inadmissible, and calculated to injuriously affect the defendant in the trial of the case, he should not be deprived of his objections to it merely because the trial judge, in signing his bill of exceptions, differed with him as to the grounds of his objections.

We find from the statement of facts that the entire transcript of proceedings from the District Court of Red River county, constituting twenty-four pages of the record before us, and embracing recognizances of the defendant and of witnesses, the proceedings of one mistrial of the case, and of one trial and conviction, and new trial granted, and the motion and affidavits and order for change of venue, besides other matters, was read in evidence by the district attorney to the jury.

This evidence, we think, was clearly irrelevant, and inadmissible for any purpose. It did not prove or tend to prove any issue in the case (*Obert* v. *Landa*, 45 Texas, 539), and its only effect could be to prejudice the minds of the jury against the defendant. Whether it had this effect or not, it is unnecessary for us to inquire. It being incompetent evidence, and having been admitted over defendant's objections, it will be presumed to have prejudiced him. A defendant in a felony case is entitled to the verdict of a jury upon competent testimony alone. (*Draper* v. *The State*, 22 Texas, 400; *Preston* v. *The State*, 4 Texas Ct. App., 186; *McKnight* v. *The State*, 6 Texas Ct. App., 158; *Somerville* v. *The State*, Id., 433.)

Other errors complained of by defendant we will not discuss, as they are not deemed by us to be errors. We will remark, however, in regard to the evidence in the case, that it does not appear to us as full and satisfactory as it might be. It is to be inferred from the evidence that the defendant sold or traded the alleged stolen animal to one Dolan, and that she was afterwards found in the possession of one Guinn. Neither Dolan nor Guinn testified in the case, nor is their absence as witnesses accounted for. Dolan could certainly establish, beyond doubt, the fact, if it existed, that defendant sold or traded the animal to him. It does not appear how Guinn came into possession of the animal. We might infer that he bought her from Dolan, but inference is

not fact, and the evidence of Guinn should have been had on the trial, if it was obtainable.

Because of the error of the court in admitting the transcript of the proceedings from the District Court of Red River county in evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 9, 1883.